RECEIVED
IN LAKE CHARLES, LA
JUL 2 8 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE GOODYEAR TIRE & RUBBER COMPANY | : | DOCKET NO. 04-822 |
| VS. | : | JUDGE TRIMBLE |
| CHARLES BRYANT KOUNTZ, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Plaintiff's Motion for Summary Judgment as to Defendant Charles Bryant Kountz" [doc. #27] and "Plaintiff's Motion for Summary Judgment as to Defendant Vicki Darlene Kountz" [doc. #28], wherein the mover, Plaintiff The Goodyear Tire & Rubber Company ("Goodyear") seeks an order granting summary judgment in its favor and against Charles Bryant Kountz and Vicki Darlene Kountz pursuant to Federal Rules of Civil Procedure 56.

## STATEMENT OF FACTS

On or about May 15, 2001, Defendants, Charles Kountz and Vicki Kountz, executed in favor of Goodyear a Personal Guaranty of payment for the indebtedness of a corporation. The corporation defaulted on the indebtedness and owes Goodyear $5,000,000.00. Defendants have refused to make payment to Goodyear under the terms of the Guaranty. Defendants have not filed any opposition to these motions.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law."[1] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[2] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[3] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[4] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[5] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[6]

On summary judgment, a court first must look to substantive law to determine the essential elements of a case and who has the burden of proof on each element.[7] "After consulting the applicable substantive law to determine which facts and issues are material, we review the evidence in the light most favorable to the non-movant relating to those issues."[8] Nonetheless, to preclude

---

[1] Fed. R.Civ. P. 56(c).

[2] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Anderson*, 477 U.S. at 249-50.

[7] *Anderson*, 477 U.S. at 249.

[8] *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996).

2

the entry of summary judgment, the non-movant must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial.[9] Thus, "Rule 56(c) mandates the entry of summary judgment against a party who has failed to make an evidentiary showing sufficient to establish an essential element of her case."[10]

## LAW AND ANALYSIS

In support of its motion for summary judgment against, Defendant Charles Kountz, Goodyear submits the following summary judgment evidence; (1) affidavit of Robert J. Tete, (2) Plaintiff's First Set of Requests for Admission Propounded to Defendant Charles Bryant Kountz, (3) Defendant's Answer to Plaintiff's First Set of Requests for Admission, (4) affidavit of Thomas K. Gravalos, (5) Personal Guaranty signed by Charles Bryant Kountz, (6) and stipulations made by Charles Bryant Kountz in the United States Bankruptcy Court. This evidence establishes that Charles Kountz signed a personal guaranty in favor of Goodyear guaranteeing payment of certain indebtedness of a third party and that the third party defaulted on the indebtedness, owing Goodyear $5,000,000.00, plus interest and reasonable attorney fees and costs. Charles Kountz does not dispute this evidence. Accordingly, because there is no genuine issue of fact for trial, Goodyear is entitled to judgment as a matter of law.

In support of its motion for summary judgment against Defendant Vicki Kountz, Goodyear submits the following summary judgment evidence: (1) affidavit of Robert J. Tete, (2) Plaintiff's First Set of Requests for Admission Propounded to Defendant Vicki Darlene Kountz, (3) letter dated March 9, 2005, (4) affidavit of Thomas K. Gravalos, (5) and a Personal Guaranty signed by Vicki

---

[9] *Celotex Corp.*, 477 U.S. at 248.

[10] *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997).

Kountz. This evidence establishes that Vicki Kountz signed a personal guaranty in favor of Goodyear guaranteeing payment of certain indebtedness of a third party and that the third party defaulted on the indebtedness, owing Goodyear $5,000,000.00, plus interest and reasonable attorney fees and costs. Vicki Kountz does not dispute this evidence. Accordingly, because there is no genuine issue of fact for trial, Goodyear is entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, the motion for summary judgment as to Charles Bryant Kountz and the motion for summary judgment as to Vicki Darlene Kountz will be GRANTED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of July, 2005.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE